STATE OF MAINE
LINCOLN, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2016-02

ROBERT J. Rubin et al,           )
    Plaintiffs,     )
         )
         )
         )
   v.      )
         )
         )
PAUL A. KELLEY et al,            )
    Defendant.     )

**ORDER ON ENTRY OF PARTIAL
DEFAULT & RELATED MOTIONS**

   The Plaintiffs' Motion for Sanctions against Defendants Richard L. Smith and Aquafortis Associates LLC is GRANTED, in part. It is ORDERED that partial default is entered against Defendants Richard L. Smith and Aquafortis Associates LLC as a sanction for their failure to comply with their discovery obligations in this case and related orders of the court. It is ORDERED that Defendants Smith and Aquafortis shall be prohibited from seeking discovery in this matter; from filing any additional motions in this matter; and from presenting any witnesses or testimony at any trial or evidentiary hearing. Defendant Defendants Smith and Aquafortis will be allowed to cross-examine any witnesses presented by others at any trial or evidentiary hearing. The court declines to enter full default establishing the Defendants' liability in this matter. At trial, the Plaintiffs will have to present evidence establishing not only their damages but also which defendant or defendants caused the claimed damages. Any pending motions filed by Defendants Smith and Aquafortis are also DENIED as a sanction for their failure to comply with their discovery obligations and related orders of the court. In addition, Defendants Richard L. Smith and Aquafortis Associates LLC are jointly and severally liable for all costs incurred by the Plaintiffs regarding the cancelled depositions.

   The Plaintiffs' Motion for Sanctions against Defendant Paul A. Kelley is GRANTED, in part. It is ORDERED that partial default is entered against Defendant Paul A. Kelley as a sanction for his failure to comply with his discovery obligations in this case and related orders of the court. It is ORDERED that Defendant Kelley shall be prohibited from seeking discovery in this matter; from filing any additional motions in this matter; and from presenting any witnesses or testimony at any trial or evidentiary hearing. Defendant Kelley will be allowed to cross-examine any witnesses presented by others at any trial or evidentiary hearing. The court declines to enter full default establishing Defendant Kelley's liability in this matter. At trial, the Plaintiffs will have to present evidence establishing not only their damages but also which defendant or defendants caused the claimed damages. Any pending motions filed by Defendant Kelley are also DENIED as a sanction for his failure to comply with his discovery obligations and related orders of the court.

1

The Plaintiffs' Rule 36 Motion is GRANTED. The responses of Defendants Kelley, Smith, and Aquafortis were insufficient and contrary to the Rules of Civil Procedure. The facts are deemed admitted by the three defendants and it is ORDERED that these three defendants may not object to the genuineness of the documents at issue.

The Plaintiffs' Motion to Stay Scheduling Order is GRANTED.

The requirement for the parties to participate in ADR in this matter is waived.

The Plaintiff's Motion for *Ex Parte* Attachment and Trustee Process is DENIED. The court's entry of partial default has not established liability against any of the named defendants.

The bankruptcy filing of Defendant Pleasant Pond Mill LLC remains pending. The court does not intend to schedule a trial in this matter before the bankruptcy is resolved, unless the Plaintiffs move to dismiss their claims against Defendant Pleasant Pond Mill LLC. In any case, due to the court's limited trial schedule, a trial will not be conducted in this matter before February 2018. The clerk is directed to schedule a one-hour status conference in this matter on December 4, 2018.

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated: August 22, 2017

JUSTICE, MAINE SUPERIOR COURT
Daniel Billings

2

STATE OF MAINE                           SUPERIOR COURT
LINCOLN, SS.                             CIVIL ACTION
                                         Docket No. CV-2016-02


ROBERT J. Rubin et al,              )
                    Plaintiff,      )
                                    )
                                    )
         v.                         )        **ORDER ON PENDING MOTIONS**
                                    )
                                    )
PAUL A. KELLEY et al,               )
                    Defendant.      )


The Defendants' Special Motion to Dismiss is DENIED. The claims at issue in this case are not based on the Defendants' exercise of their right of petition under the Constitution of the United States or the Constitution of Maine. The claims made in the Complaint are statutory and common law claims based on damages allegedly due to the alleged actions of the Defendants in operating and maintaining a dam. Though the Complaint makes reference to a government proceeding, the claims in the Complaint do not arise from that proceeding but from alleged acts or failure to act on the face of the earth and resulting damages[1]. The claims contained in the Complaint are not those intended to be addressed by a Special Motion to Dismiss pursuant to 14 M.R.S. §556.

The Defendants' complaints about service of process are also without merit. Service in this matter met its purpose of putting the Defendants' on notice of this action. Any Motion to Dismiss based on service of process is therefore DENIED.

However, in the interest of justice and judicial economy, this matter is STAYED until August 1, 2016 due to a stay that has been issued in a related matter.

The Defendants' are ORDERED to answer the Complaint as required by the Maine Rules of Civil Procedure by August 22, 2016. The court deems all prior answers and limited appearance to be insufficient under the rules and proper answers must be filed.

Once the answers are filed, a new scheduling order will be issued. The Scheduling Order issued on April 11, 2016 is hereby VACATED.

Any pending motions not previously addressed by the court are either MOOT and/or DENIED.

---

[1] The existence of the DEP action and the statutes cited in the Defendants' Motion may provide a defense to the Plaintiffs' claims but they do not give rise to a Special Motion to Dismiss pursuant to 14 M.R.S. §556.

1

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated: July 5, 2016

JUSTICE, MAINE SUPERIOR COURT
Daniel I Billings

2